UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN OSWALDO MENDEZ ORDONEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-01101-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 25, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 25, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB (E.D. Cal. Mar. 10, 2026), where the undersigned found that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States

/////

1

without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  (Doc. No. 4.)

On March 26, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 3–5), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent also states in its opposition that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (Doc. No. 6 at 4.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about May 6, 2023 without inspection.  (Doc. No. 1 at 4.)  On February 12, 2026, petitioner encountered and was detained by immigration authorities.  (*Id.*)

The court incorporates and adopts the reasoning set forth in *Quichimbo-Jimenez* and finds that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondent argues that the appropriate remedy is a bond hearing rather than immediate release because there is "no evidence that if ICE had released him, he would have attended a later pre-deprivation hearing."  (Doc. No. 6 at 5.)  This argument is unpersuasive.  Respondent argues only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, which the court has rejected above.  In its opposition, respondent does not identify any alternative statute under which petitioner may be legally detained.  The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondent has not demonstrated that his continued detention is authorized by statute.  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is immediate release because respondent has failed to provide authority for petitioner's detention.

2

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner from respondent's custody on the conditions, if any, he was subject to prior to his detention on February 12, 2026;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226 and its implementing regulations, with the burden at that pre-detention hearing being set by those implementing regulations;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition on the merits; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 30, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3